IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

OCT 17 2001

U.S. DISTRICT COURT

UNITED STATES OF AMERICA    *
                            *
V.                          *
                            *    CRIMINAL NO.
ROBBIE LESA HAMES    (1)     *
CHARLES WILLIAM HAMES  (2)   *
JAMES MICHAEL DAVIS   (3)    *    SEALED
                            *
                  INDICTMENT

The Grand Jury charges:

**INTRODUCTION:**

301 - CR - 3 23 - R

At times material to this indictment:

1.    The Medicare program was a federally funded health insurance program and health care benefit program to provide medical care to people over 65 years of age and certain others with disabilities.

2.    The Medicare Part A Program was administered by the Health Care Financing Administration (HCFA), an agency of the United States Department of Health and Human Services (HHS), which contracted with private insurance companies, known as intermediaries, to administer the Medicare Part A Program throughout the United States.

3.    Palmetto Government Benefits Administrators (Palmetto) - located in Columbia, South Carolina, as the Medicare Regional Home

INDICTMENT - Page 1

Health Intermediary for the State of Texas, received, adjudicated and paid Medicare Part A claims for home health agencies.

4.  Medicare participating home health agencies, known as providers, entered into an agreement with HCFA to provide services to Medicare eligible beneficiaries and agreed to comply with applicable sections of the Code of Federal Regulations (CFR) and the Social Security Act during their participation in the Medicare program.  HCFA assigned a unique Medicare provider number that allowed funds to be periodically advanced by Palmetto to a provider to cover the provider's estimated costs for treating Medicare beneficiaries.  At the end of each provider's fiscal year, an annual Medicare cost report (cost report) was required to be prepared from the financial and statistical records maintained by the provider during the normal course of business.  The cost report was required to be accurate and verifiable.  One purpose of the annual cost report was to enable Medicare to retroactively adjust the periodic estimated payment amounts to equal the actual cost of providing home health services to Medicare beneficiaries during a provider's fiscal year.  The cost report was to be submitted to Medicare through intermediaries such as Palmetto.

5.  Cost reports were governed by regulations, procedures, and instructions, and the cost reports included a certification that each cost report filed, together with its supporting documentation, was true, correct, complete, and prepared from the books and

INDICTMENT - Page 2

records of the provider in accordance with applicable instructions. The cost report included a warning that misrepresentation or falsification of any information contained in the cost report may be punishable by fine and/or imprisonment under federal law.

6. Alternate Nursing Care, Inc. (ANC), a Texas corporation located in Irving, Texas, was a home health agency registered with Palmetto as a Medicare provider.

7. Bank One, Texas, NA (Bank One), was a financial institution which was engaged in and the activities of which affected interstate and foreign commerce.

8. Accelerated Home Health Personnel, Inc. (Accelerated) was a Texas corporation located in Irving, Texas.

<u>COUNT 1</u>

A. The grand jury realleges and incorporates herein all of the allegations set forth in the Introduction of this indictment.

B. <u>SCHEME AND CONSPIRACY</u>:

From at least on or about December 8, 1995 and continuing thereafter through on or about December 1, 2000, in the Dallas Division of the Northern District of Texas and elsewhere, **ROBBIE LESA HAMES**, **CHARLES WILLIAM HAMES** and **JAMES MICHAEL DAVIS,** defendants, and another person known to the grand jury, did knowingly and willfully devise a joint scheme and artifice to defraud a health care benefit program and to obtain money and property owned by and under the custody and control of a health

INDICTMENT - Page 3

care benefit program by means of false and fraudulent pretenses, representations and promises in connection with the delivery of and payment for health care benefits, items and services and did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree together and with each other to:

(1) defraud the United States by impairing, impeding, obstructing, and defeating the lawful functions of the United States Department of Health and Human Services, in its operation of the Medicare program, a federal health care benefit program, and

(2) to commit certain offenses against the United States, to wit:

(a) to knowingly and willfully execute the aforesaid scheme and artifice, in violation of Title 18, United States Code, Section 1347;

(b) for the purpose of executing the aforesaid scheme and artifice, to cause envelopes to be delivered by a commercial interstate carrier according to the directions thereon, in violation of Title 18, United States Code, Section 1341;

(c) to knowingly and willfully make and cause to be made false, fictitious and fraudulent material statements and representations in a matter within the jurisdiction of a department and agency of the United States, in violation of Title 18, United States Code, Section 1001;

(d) to knowingly and with intent to deceive and defraud

INDICTMENT - Page 4

the United States, endeavor to influence, obstruct and impede a Federal auditor in the performance of official duties relating to a person receiving in excess of $100,000.00 directly or indirectly from the United States in a 1 year period under a contract or subcontract, in violation of Title 18, United States Code, Section 1516(a) and

(e) to knowingly and willfully prevent, obstruct, mislead, delay and attempt to prevent, obstruct, mislead and delay the communication of information and records relating to a violation of a Federal health care offense to a criminal investigator, in violation of Title 18, United States Code, Section 1518.

C. OBJECT OF THE SCHEME AND CONSPIRACY:

The primary object of the scheme and conspiracy was to obtain funds from the Medicare program to which the defendants were not entitled.

D. MANNER AND MEANS:

1. It was part of the scheme and conspiracy that the conspirators would and did:

a. Create RALA, Inc. (RALA), which bought a building at 1711 W. Irving Blvd., Irving, Texas (building);

b. Create a document purporting to convey ownership of RALA from defendants **ROBBIE LESA HAMES** and **CHARLES WILLIAM HAMES,** to defendant **JAMES MICHAEL DAVIS;**

INDICTMENT - Page 5

c.   Create a backdated lease agreement between ANC and RALA for the purpose of including a building lease expense cost on an ANC cost report;

d.   Conceal from Palmetto the fact that the building lease transaction involved related parties and that the rent expense was inflated.

e.   Cause backdated documents to be notarized so the documents would appear to be legitimate;

f.   Claim a lease expense cost for the entire building on an ANC cost report even though ANC did not occupy the entire building;

g.   Claim on an ANC cost report that ANC occupied the building during a time period when it did not occupy the building;

h.   Instruct certain employees to create documents reflecting that they worked full time on ANC business for the purpose of including their entire salaries as salary expense on ANC cost reports;

i.   Submit documents to Palmetto falsely claiming that **ROBBIE LESA HAMES** and **CHARLES WILLIAM HAMES**, defendants, and David Hames worked full time on ANC business;

j.   Create documents reflecting a fraudulent building lease expense and management fee expense;

k.   Submit to Palmetto cost reports reflecting fraudulent expense costs;

INDICTMENT - Page 6

l.   Cause Medicare funds to be sent to ANC;

m.   Cause Medicare funds to be transferred from ANC's bank account to other bank accounts and

n.   Misapply and convert Medicare funds for their own use and the use of others.

2.   It was a further part of the scheme and conspiracy that, as a result of the aforementioned fraudulent activities, the conspirators caused the Medicare program to pay millions of dollars to ANC.

3.   It was a further part of the scheme and conspiracy that conspirators would and did conduct these activities in a manner calculated to conceal the fraudulent nature of the scheme and otherwise deceive others.

E.   <u>OVERT ACTS</u>:

In furtherance of the aforesaid scheme and conspiracy and to effect the objects thereof, the conspirators committed the following overt acts, among others, in the Dallas Division of the Northern District of Texas:

1.   On or about December 8, 1995, defendant **ROBBIE LESA HAMES** as owner of RALA, purchased a building in Irving, Texas.

2.   In or about 1996 or 1997, the exact date being unknown to the grand jury, defendants **ROBBIE LESA HAMES** and **CHARLES WILLIAM HAMES** created a document purporting to convey the ownership of RALA to defendant **JAMES MICHAEL DAVIS**.

INDICTMENT - Page 7

3.  In or about 1996 or 1997, the exact date being unknown to the grand jury, defendants **ROBBIE LESA HAMES** and **JAMES MICHAEL DAVIS** created a lease agreement reflecting that ANC leased office space in the building from RALA.

4.  In or about 1996 or 1997, the exact date being unknown to the grand jury, defendants **ROBBIE LESA HAMES** and **JAMES MICHAEL DAVIS** caused a management contract to be created and signed.

5.  In or about 1996 or 1997, the exact date being unknown to the grand jury, defendant **ROBBIE LESA HAMES** caused a person known to the grand jury to notarize a backdated document.

6.  On or about March 22, 1996, defendant **JAMES MICHAEL DAVIS** opened a bank account in the name of Accelerated.

<u>Overt Acts 7 - 9</u>

On or about the dates set forth below for each overt act below, defendant **ROBBIE LESA HAMES** caused a cost report to be submitted to Palmetto.

| Overt Act | Date |
|:---:|:---:|
| 7 | 12/30/96 |
| 8 | 12/2/97 |
| 9 | 11/30/98 |

<u>Overt Acts 10 - 30</u>

The grand jury realleges and incorporates herein all of the allegations in Counts 2 through 22 of this indictment as additional overt acts in furtherance of the scheme and conspiracy.

INDICTMENT - Page 8

All in violation of Title 18 United States Code, Section 371
(18 U.S.C. §§ 1001, 1341, 1347, 1516 and 1518).

INDICTMENT - Page 9

## COUNT 2

1.    The Grand Jury realleges and incorporates herein all of the allegations set forth in the Introduction and Count 1 of this indictment.

2.    On or about December 30, 1996, in the Dallas Division of the Northern District of Texas and elsewhere, **ROBBIE LESA HAMES**, **CHARLES WILLIAM HAMES** and **JAMES MICHAEL DAVIS,** defendants,  aided and abetted by each other and by another person known to the grand jury, did knowingly and willfully execute and attempt to execute the aforesaid scheme and artifice to defraud a health care benefit program and to obtain money and property owned by and under the custody and control of a health care benefit program by means of materially false and fraudulent pretenses, representations and promises in connection with the delivery of and payment for health care benefits, items and services by causing a cost report reflecting false expense costs to be submitted to Palmetto.

In violation of Title 18, United States Code, Sections 1347 and 2.

INDICTMENT - Page 10

## COUNT 3

1.    The Grand Jury realleges and incorporates herein all of the allegations set forth in the Introduction and Count 1 of this indictment.

2.    On or about December 2, 1997, in the Dallas Division of the Northern District of Texas and elsewhere, **ROBBIE LESA HAMES,** **CHARLES WILLIAM HAMES** and **JAMES MICHAEL DAVIS,** defendants, aided and abetted by each other and by another person known to the grand jury, did knowingly and willfully execute and attempt to execute the aforesaid scheme and artifice to defraud a health care benefit program and to obtain money and property owned by and under the custody and control of a health care benefit program by means of materially false and fraudulent pretenses, representations and promises in connection with the delivery of and payment for health care benefits, items and services by causing a cost report reflecting false expense costs to be submitted to Palmetto.

In violation of Title 18, United States Code, Sections 1347 and 2.

INDICTMENT - Page 11

## COUNT 4

1.   The Grand Jury realleges and incorporates herein all of the allegations set forth in the Introduction and Count 1 of this indictment.

2.   On or about December 30, 1996, in the Dallas Division of the Northern District of Texas and elsewhere, **ROBBIE LESA HAMES**, **CHARLES WILLIAM HAMES** and **JAMES MICHAEL DAVIS,** defendants,  aided and abetted by each other and by another person known to the grand jury, for  the  purpose  of  executing  the  aforesaid  scheme  and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises,  and  attempting  to  do  so,  did  knowingly  cause  to  be delivered  by  a  commercial  interstate  carrier  according  to  the direction  thereon  an  envelope  addressed  to  Palmetto  Government Benefits  Administrators,  AT&T  Building,  Suite  2200,  1201  Main Street,  Columbia,  S.C.   29201,  which  envelope  contained  a  cost report for the fiscal year ending June 30, 1996.

In violation of Title 18, United States Code, Sections 1341 and 2.

INDICTMENT - Page 12

## COUNT 5

1.    The Grand Jury realleges and incorporates herein all of the allegations set forth in the Introduction and Count 1 of this indictment.

2.    On or about December 30, 1996, in the Dallas Division of the Northern District of Texas and elsewhere, **ROBBIE LESA HAMES** and **JAMES MICHAEL DAVIS,** defendants, aided and abetted by each other and by others known to the grand jury, did knowingly and willfully make and cause to be made materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of a department and agency of the United States, to wit:   the defendants caused to be submitted to Palmetto a cost report reflecting that management services were rendered, when in truth and in fact, as the defendants then and there well knew, the said management services were not rendered.

In violation of Title 18, United States Code, Sections 1001 and 2.

INDICTMENT - Page 13

## COUNT 6

1.   The Grand Jury realleges and incorporates herein all of the allegations set forth in the Introduction and Count 1 of this indictment.

2.   On or about December 30, 1996, in the Dallas Division of the Northern District of Texas and elsewhere, **ROBBIE LESA HAMES** and **CHARLES WILLIAM HAMES,** defendants, aided and abetted by each other, did knowingly and willfully make and cause to be made materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of a department and agency of the United States, to wit:  the defendants caused to be submitted to Palmetto a document styled "Providers Owner's / Management Personnel Compensation Exhibit" relating to defendant **CHARLES WILLIAM HAMES**, reflecting that he was the Controller and CFO for ANC and that he worked 2080 hours for ANC during the Fiscal Year Ending June 30, 1996, when, in truth and in fact, as the defendants then and there well knew, defendant **CHARLES WILLIAM HAMES** did not perform the duties of Controller and CFO for ANC and he did not work 2080 hours for ANC during that fiscal year.

In violation of Title 18, United States Code, Sections 1001 and 2.

INDICTMENT - Page 14

## COUNT 7

1.   The Grand Jury realleges and incorporates herein all of the allegations set forth in the Introduction and Count 1 of this indictment.

2.   On or about December 30, 1996, in the Dallas Division of the Northern District of Texas and elsewhere, **ROBBIE LESA HAMES,** defendant, did knowingly and willfully make and cause to be made a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of a department and agency of the United States, to wit:  the defendant caused to be submitted to Palmetto a document styled "Providers Owner's / Management Personnel Compensation Exhibit" relating to defendant **ROBBIE LESA HAMES**, reflecting that she worked 2080 hours for ANC during the Fiscal Year Ending June 30, 1996, when, in truth and in fact, as the defendant then and there well knew, she did not work 2080 hours for ANC during that fiscal year.

In violation of Title 18, United States Code, Section 1001.

INDICTMENT - Page 15

## COUNT 8

1.   The Grand Jury realleges and incorporates herein all of the allegations set forth in the Introduction and Count 1 of this indictment.

2.   On or about December 30, 1996, in the Dallas Division of the Northern District of Texas and elsewhere, **ROBBIE LESA HAMES,** defendant, aided and abetted by a person known to the grand jury, did knowingly and willfully make and cause to be made a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of a department and agency of the United States, to wit:  the defendant caused to be submitted to Palmetto a document styled "Providers Owner's / Management Personnel Compensation Exhibit" relating to David Hames, reflecting that he worked 2080 hours for ANC during the Fiscal Year Ending June 30, 1996, when, in truth and in fact, as the defendant then and there well knew, David Hames did not work 2080 hours for ANC during that fiscal year.

In violation of Title 18, United States Code, Sections 1001 and 2.

INDICTMENT - Page 16

## COUNT 9

1.   The Grand Jury realleges and incorporates herein all of the allegations set forth in the Introduction and Count 1 of this indictment.

2.   On or about December 2, 1997, in the Dallas Division of the Northern District of Texas and elsewhere, **ROBBIE LESA HAMES,** defendant, did knowingly and willfully make and cause to be made materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of a department and agency of the United States, to wit:  the defendants caused to be submitted to Palmetto a document styled "Providers Owner's / Management Personnel Compensation Exhibit" relating to Charles William Hames, reflecting that he performed Controller duties for ANC and that he worked 2080 hours for ANC during the Fiscal Year Ending June 30, 1997, when, in truth and in fact, as the defendants then and there well knew, Charles William Hames did not perform the duties of Controller for ANC and he did not work 2080 hours for ANC during that fiscal year.

In violation of Title 18, United States Code, Section 1001.

INDICTMENT - Page 17

## COUNT 10

1.   The Grand Jury realleges and incorporates herein all of the allegations set forth in the Introduction and Count 1 of this indictment.

2.   On or about February 5, 1997, in the Dallas Division of the Northern District of Texas and elsewhere, **ROBBIE LESA HAMES,** defendant, did knowingly and with intent to deceive and defraud the United States, endeavor to influence, obstruct and impede a Federal auditor in the performance of official duties relating to a person receiving in excess of $100,000.00 directly or indirectly from the United States in a 1 year period under a contract or subcontract, to wit: the defendant caused a copy of a fraudulent lease agreement to be provided to an auditor.

In violation of Title 18, United States Code, Section 1516.

INDICTMENT - Page 18

## COUNT 11

1.   The Grand Jury realleges and incorporates herein all of the allegations set forth in the Introduction and Count 1 of this indictment.

2.   On or about August 12, 1998, in the Dallas Division of the Northern District of Texas and elsewhere, **ROBBIE LESA HAMES,** defendant, did knowingly and with intent to deceive and defraud the United States, endeavor to influence, obstruct and impede a Federal auditor in the performance of official duties relating to a person receiving in excess of $100,000.00 directly or indirectly from the United States in a 1 year period under a contract or subcontract, to wit:  the defendant provided to an auditor copies of fraudulent invoices purportedly relating to consulting services.

In violation of Title 18, United States Code, Section 1516.

## COUNT 12

1.   The Grand Jury realleges and incorporates herein all of the allegations set forth in the Introduction and Count 1 of this indictment.

2.   On or about August 12, 1998, in the Dallas Division of the Northern District of Texas and elsewhere, **CHARLES WILLIAM HAMES,** defendant, did knowingly and with intent to deceive and defraud the United States, endeavor to influence, obstruct and impede a Federal auditor in the performance of official duties relating to a person receiving in excess of $100,000.00 directly or indirectly from the United States in a 1 year period under a contract or subcontract, to wit:  the defendant attempted to take from an auditor a document relating to insurance.

In violation of Title 18, United States Code, Section 1516.

INDICTMENT - Page 20

## COUNT 13

1.   The Grand Jury realleges and incorporates herein all of the allegations set forth in the Introduction and Count 1 of this indictment.

2.   On or about December 1, 2000, in the Dallas Division of the Northern District of Texas and elsewhere, **JAMES MICHAEL DAVIS**, defendant, did knowingly and willfully prevent, obstruct, mislead, delay and attempt to prevent, obstruct, mislead and delay the communication of information and records relating to a violation of a Federal health care offense to a criminal investigator, to wit: the defendant attempted to avoid meeting an agent of the Federal Bureau of Investigation.

In violation of Title 18, United States Code, Section 1518.

INDICTMENT - Page 21

## COUNT 14

1.   The Grand Jury realleges and incorporates herein all of the allegations set forth in the Introduction and Counts 2 and 3 of this indictment.

2.   From at least on or about March 22, 1996 through at least on or about July 21, 1998, in the Dallas Division of the Northern District of Texas, **ROBBIE LESA HAMES** and **JAMES MICHAEL DAVIS,** defendants, did unlawfully, knowingly and willfully combine, conspire, confederate, and agree together and with a person known to the grand jury to commit one or more offenses against the United States, to wit:

(a) knowing that the property involved in a financial transaction represents the proceeds of a form of unlawful activity, to conduct and attempt to conduct a financial transaction knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, that is health care fraud, as alleged in Counts 2 and 3 of this Indictment, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and

(b) to knowingly engage in and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000.00 which was derived from specified unlawful activity, that is health care fraud, as alleged in Counts 2 and 3

INDICTMENT - Page 22

of this Indictment, in violation of Title 18, United States Code, Section 1957.

3.    It was a part of the conspiracy that the conspirators would and did obtain Medicare funds by fraud, transfer the funds from ANC to Accelerated and then take funds from Accelerated for their own use and the use of others.

4.    The grand jury realleges and incorporates herein all of the allegations in Counts 15 through 22 of this indictment as overt acts committed in furtherance of the conspiracy and to effect the objects thereof.

All in violation of Title 18 United States Code, Section 1956(h). (18 U.S.C. §§ 1956(a)(1)(B)(i) and 1957).

## COUNTS 15 AND 16

1.  The Grand Jury realleges and incorporates herein all of the allegations set forth in the Introduction and Counts 2 and 3 of this indictment.

2.  On or about the dates set forth below, for each count listed below, in the Dallas Division of the Northern District of Texas, **ROBBIE LESA HAMES** and **JAMES MICHAEL DAVIS,** defendants, aided and abetted by each other and by another person known to the grand jury, did unlawfully and knowingly conduct and attempt to conduct financial transactions involving the use of Bank One, a financial institution, to wit: the defendants caused checks to be drawn on accounts at Bank One and deposited into other accounts at Bank One, as described below, knowing that the property involved in those transactions represented the proceeds of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, to wit:  acts and activities constituting offenses involving Federal health care offenses, as alleged in Counts 2 and 3 of this indictment, knowing that the transactions were designed, in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity.

INDICTMENT - Page 24

| **COUNT** | **DATE** | **TRANSACTION** |
|-----------|----------|-----------------|
| 15 | 6/27/97 | Check signed by Defendant **ROBBIE LESA HAMES** in the amount of $100,000.00 drawn on the account of ANC and deposited into the account of Accelerated |
| 16 | 7/21/98 | Check signed by defendant **JAMES MICHAEL DAVIS** in the amount of $235,000.00 drawn on the account of Accelerated and deposited into the account of defendant **ROBBIE LESA HAMES** |

Each in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

INDICTMENT - Page 25

## COUNTS 17 - 20

1.   The Grand Jury realleges and incorporates herein all of the allegations set forth in the Introduction and Counts 2 and 3 of this indictment.

2.   On or about the dates set forth below, for each count listed below, in the Dallas Division of the Northern District of Texas, **ROBBIE LESA HAMES** and **JAMES MICHAEL DAVIS,** defendants, aided and abetted by each other and by another person known to the grand jury, did unlawfully and knowingly conduct and attempt to conduct financial transactions involving the use of Bank One, a financial institution, to wit:  the defendants caused checks to be drawn on an account at Bank One and paid to a person known to the grand jury in payment for construction work performed by the said person at the personal residence of defendant **ROBBIE LESA HAMES**, knowing that the property involved in those transactions represented the proceeds of unlawful activity, and which in fact involved the proceeds of specified unlawful activity,  to wit: acts and activities constituting offenses involving Federal health care offenses, as alleged in Counts 2 and 3 of this indictment, knowing that the transactions were designed, in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity.

INDICTMENT - Page 26

| COUNT | DATE | AMOUNT OF CHECK |
|-------|------|-----------------|
| 17 | 6/7/96 | $1,074.18 |
| 18 | 8/7/96 | $1,048.66 |
| 19 | 8/22/96 | $1,124.37 |
| 20 | 9/9/96 | $1,155.69 |

Each in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

INDICTMENT - Page 27

## COUNTS 21 AND 22

1.  The Grand Jury realleges and incorporates herein all of the allegations set forth in the Introduction and Counts 2 and 3 of this indictment.

2.  On or about the dates set forth below, in the Dallas Division of the Northern District of Texas, United States of America, **ROBBIE LESA HAMES** and **JAMES MICHAEL DAVIS,** defendants, aided and abetted by each other and by another person known to the grand jury, did unlawfully and knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000.00, to wit: deposits, withdrawals, transfers and exchanges in and affecting interstate commerce of funds and monetary instruments by and through Bank One, a financial institution, and the said property was derived from specified unlawful activity, to wit:  acts and activities constituting offenses involving Federal health care offenses, as alleged in Counts 2 and 3 of this indictment.

| COUNT | DATE | TRANSACTION |
|---|---|---|
| 21 | 10/16/96 | Check signed by defendant **JAMES MICHAEL DAVIS** in the amount of $75,000.00 drawn on the account of Accelerated and deposited into the account of defendant **ROBBIE LESA HAMES** |

INDICTMENT - Page 28

22        10/29/96        Check signed by defendant
                          **JAMES MICHAEL DAVIS** in the amount of
                          $75,000.00 drawn on the account of
                          Accelerated and deposited into the
                          account of defendant
                          **ROBBIE LESA HAMES**

Each in violation of Title 18, United States Code, Sections 1957(a) and 2.

INDICTMENT - Page 29

## COUNT 23

1.  The Grand Jury realleges and incorporates by reference the allegations contained in the Introduction and Counts 2, 3 and 14 through 22, inclusive, of this Indictment as if fully set forth.

2.  As a result of the foregoing Federal health care offenses in violation of Title 18, United States Code, Section 1347, alleged in Counts 2 and 3, violations of Title 18, United States Code, Section 1956, alleged in Counts 14 through 20, inclusive, and violations of Title 18, United States Code, Section 1957, alleged in Counts 21 and 22, inclusive, the defendant **JAMES MICHAEL DAVIS,** upon conviction, shall forfeit to the United States all property, real and personal, that constitutes and is derived, directly or indirectly, from gross proceeds traceable to the commission of the said offenses, including but not limited to the following:

**Property:**

1711 West Irving Boulevard, Irving, Texas.

Lot 2, Block A of Professional Center Addition, to the City of Irving, Texas, Dallas County, Texas, recorded in Volume 94170, Page 3812, Map Records, Dallas County, Texas.

3.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

     (a)   cannot be located upon the exercise of due diligence;

     (b)  has been transferred or sold to, or deposited with,

INDICTMENT - Page 30

a third party;

(c)   has been placed beyond the jurisdiction of the Court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the said property.

All in violation of Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

_____
FOREPERSON

RICHARD H. STEPHENS
United States Attorney

_____
LYNN HASTINGS
Assistant United States Attorney
Texas State Bar No. 09209700
1100 Commerce Street, Third Floor
Dallas, Texas  75242
(214) 659-8600

INDICTMENT - Page 31